JS-6

FILED
CLERK, U.S. DISTRICT COURT

AUG - 3 2016

CENTRAL DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. MARTINEZ and RAMON FLORES VALDEZ on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>ANNING-JOHNSON COMPANY, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>ENRIQUE OROZCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNING-JOHNSON COMPANY, a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-06325-GHK (Ex)<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION/COLLECTIVE ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARDS** |

1

| | |
|---|---|
| 1 | CESAR OROZCO aka JESUS CHAVEZ, individually and on behalf of all other similarly situated non-exempt former and current employees, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Plaintiffs, |
| 6 | vs. |
| 7 | |
| 8 | ANNING-JOHNSON COMPANY, a Delaware corporation; and DOES 1-100, inclusive, |
| 9 | |
| 10 | Defendants. |

Santos Martinez, Ramon Flores-Valdez, Enrique Orozco, and Cesar Orozco, a/k/a Jesus Chavez (collectively "Plaintiffs," "Named Plaintiffs," or "Class Representatives") and Anning-Johnson Company ("Defendant" or "AJC") have reached a settlement of a putative class action/collective action.

On January 20, 2016, this Court: (1) preliminarily certified a class for settlement purposes; (2) preliminarily certified a collective class under the Fair Labor Standards Act ("FLSA"); (3) preliminarily approved the terms of the proposed class action/collective action Settlement; and (4) authorized notice to the Settlement Class and Settlement Collective Class of the terms of the proposed Settlement. Having completed the process of providing notice to the Settlement Class and the Settlement Collective Class, and no objectors having come forward, Plaintiffs move for final approval of a class action and collective action settlement of the claims asserted against Defendant in this action, memorialized in the Class Action, Collective Action, And Representative Action Settlement Agreement (Amended, And As Further Amended January 2016) ("Settlement Agreement" or "Agreement"). Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless otherwise stated.

After reviewing the Settlement Agreement, Plaintiffs' Unopposed Motion for Final Approval, Plaintiffs' Motion for Attorneys' Fees and Costs, Settlement Administration Costs, and Enhancement Awards, and other related documents, and having heard the argument of counsel for the respective Parties, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court has jurisdiction over the Parties to this action, including all members of the Final Settlement Class and Settlement Collective Class as defined in the Settlement Agreement.

2. The Court finds, for purposes of settlement only, that the proposed Final Settlement Class satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23. The requirements of Rule 23(a) are satisfied because

1  the Final Settlement Class is so numerous that joinder of all Final Settlement Class
2  members is impracticable, there are questions of law or fact common to the Final
3  Settlement Class, the claims of Plaintiffs are typical of the claims of the Final
4  Settlement Class, and Plaintiffs will fairly and adequately protect the interest of the
5  Final Settlement Class.  The requirements of Rule 23(b)(3) are satisfied because
6  questions of law or fact common to Final Settlement Class Members predominate
7  over any questions affecting only individual Final Settlement Class Members, and
8  the class action device is superior to other available methods for fairly and
9  efficiently adjudicating this controversy.  Accordingly, solely for purposes of
10 effectuating this Settlement, the Court hereby certifies the Final Settlement Class.

11      3.      The Court finds that the proposed Settlement Collective Class satisfies
12 the applicable standards for certification of a collective action under the FLSA in
13 that members of the Settlement Collective Class are similarly situated.
14 Accordingly, solely for purposes of effectuating this Settlement, the Court hereby
15 certifies the Settlement Collective Class.

16      4.      The Court hereby grants final approval of the Settlement Agreement as
17 it meets the criteria for final settlement approval.  The Settlement is fair, adequate,
18 and reasonable; appears to be the product of arm's-length and informed
19 negotiations; and treats all Final Settlement Class Members and Settlement
20 Collective Class Members fairly.

21      5.      The Class Notice approved by the Court was provided by First Class
22 direct mail to the last-known address of each of the individuals identified as
23 Settlement Class Members (the Class Notice included an FLSA Opt-In Form for
24 those individuals who were also Potential Settlement Collective Class Members),
25 after first processing such addresses through the U.S. Postal Service change-of-
26 address database.  Follow-up efforts were made to send the Class Notice to those
27 individuals whose original Class Notices were returned as undeliverable.  The Class
28 Notice adequately described all of the relevant and necessary parts of the proposed

Settlement Agreement, the right of Potential Settlement Collective Class Members to opt in to the FLSA portion of the Settlement and the procedures for doing so, the request for service payments to the Class Representatives and for reimbursement to the Settlement Administrator, and Settlement Class Counsel's request for an award of attorneys' fees and costs.

6.  The Court has determined that the Notice given to the Settlement Class and Settlement Collective Class fully and accurately informed the Settlement Class and Settlement Collective Class of all material elements of the proposed Settlement, constituted the best practicable notice, and fully meets the requirements of Federal Rule of Civil Procedure 23, the FLSA, and all applicable constitutional requirements.

7.  There were no requests for exclusion from the Settlement. The names of the 197 Final Settlement Class Members (including Named Plaintiffs) have been filed with the Court in conjunction with Plaintiffs' Unopposed Motion for Final Approval. The Court hereby orders that all Final Settlement Class Members have released all claims or causes of action settled under the terms of Paragraph 81 of the Settlement Agreement. All Final Settlement Class Members are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively, or in any other capacity, that are released by Paragraph 81 of the Settlement Agreement.

8.  Having receiving no objections, and the time for submitting such objections having passed, the Court finds that no valid objections have been submitted and no objections will be considered by the Court. Final Settlement Class Members and Settlement Collective Class Members who did not timely object to the Settlement set forth in the Settlement Agreement are barred from prosecuting or pursuing any appeal of this Order.

9.  A total of 83 individuals validly and timely opted-in to the Settlement Collective Class, including the Named Plaintiffs. A total of three individuals

submitted Opt-In Forms that were dated prior to or on the Bar Date, but postmarked after the Bar Date of April 22, 2016. These three individuals are: Herman Hoyos; Jonathan Andrew O'Brien; and Martin R. Enriquez Penaran. All three of these late-postmarked Opt-In Forms were post-marked within 14 days after the Bar Date. The Parties do not object to the inclusion of these three individuals within the Settlement Collective Class notwithstanding their late-postmarked Opt-In Forms. No prejudice will result from the inclusion of these individuals in the Settlement Collective Class and their inclusion in the Settlement Collective Class will not delay the conclusion of this matter. Accordingly, the Court deems these three individuals (i.e., Herman Hoyos; Jonathan Andrew O'Brien; and Martin R. Enriquez Penaran) to be included in the Settlement Collective Class notwithstanding their belated submission of the required Opt-In Form. This results in a total of 86 individuals in the Settlement Collective Class (including Named Plaintiffs). The names of these individuals and the written consent by such individuals to join this action were filed with the Court in conjunction with Plaintiffs' Unopposed Motion for Final Approval.

10. The Court hereby orders that all Settlement Collective Class Members have released all claims or causes of action settled under the terms of Paragraph 82 of the Settlement Agreement (this release is in addition to the release under Paragraph 81 of the Settlement Agreement to which such individuals are also bound). All Settlement Collective Class Members are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively, or in any other capacity, that are released by Paragraph 82 of the Settlement Agreement.

11. The Settlement embodied in the Settlement Agreement is not an admission by Defendant nor is this Order a finding of the validity of any claims in the Litigation or of any wrongdoing by Defendant. Neither this Order, the Settlement Agreement, any document referred to herein, nor any action taken to

carry out the terms of the Settlement Agreement may be construed as, or may be used as, an admission by or against Defendant of any fault, wrongdoing, or liability whatsoever.

12. The Total Settlement Amount shall be dispersed in accordance with the Settlement Agreement.

13. Plaintiffs Santos Martinez, Ramon Flores-Valdez, Enrique Orozco, and Cesar Orozco, a/k/a Jesus Chavez are appointed as Class Representatives for purposes of settlement. The Court awards Class Representatives Santos Martinez, Ramon Florez-Valdez, and Enrique Orozco Enhancement Awards of $3,000 each as fair and reasonable compensation for their services. The Court awards Class Representative Cesar Orozco, a/k/a Jesus Chavez, an Enhancement Award of $2,000 as fair and reasonable compensation for his services. All of the Enhancement Awards will be paid from the Total Settlement Amount as set forth in the Settlement Agreement.

14. The Court hereby directs payment of $12,500.00 to the Settlement Administrator, CPT Group, Inc., from the Total Settlement Amount.

15. The Court approves the settlement of claims under the California Private Attorneys' General Act ("PAGA"), Cal. Labor Code §2698 *et seq.*, as set forth in the Settlement Agreement and approves payment to the California Labor and Workforce Development Agency in the amount of $18,750.00 from the Total Settlement Amount pursuant to the Settlement Agreement.

16. Paul T. Cullen of The Cullen Law Firm, APC, James Hawkins and Gregory Mauro of James Hawkins APLC, and Grant Joseph Savoy, Shoham Solouki, and Lindsay Salk of Solouki Savoy, LLP are appointed as Settlement Class Counsel for purposes of settlement. Plaintiffs' application for attorneys' fees and reimbursement of litigation costs is granted as follows: Upon consideration of the relevant factors, the Court grants an award of attorneys' fees in the amount of $425,000, representing 25% of the Total Settlement Amount. *See Vizcaino v.*

7

*Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). The Court grants $22,688.07 in litigation costs. The attorneys' fees and costs will be paid from the Total Settlement Amount as set forth in the Settlement Agreement.

17. Settlement Checks payable to Final Settlement Class Members for whom valid addresses are not available will be paid by the Settlement Administrator to the State of California Unclaimed Property Fund.

18. The Court finds that no just reason exists for delay in entering this Judgment and Final Approval Order. Accordingly, the Clerk is hereby directed to enter this Order as a Final Judgment. This Order shall constitute a final judgment with respect to the claims of the Named Plaintiffs, the Final Settlement Class, and the Final Settlement Collective Class for purposes of Rule 58 of the Federal Rules of Civil Procedure.

19. The Court hereby orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing, enforcing, and/or administering the Settlement or enforcing the terms of the Judgment.

20. Immediately upon entry of this Judgment and Order, the Consolidated Fourth Amended Complaint in this action shall be dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

DATED: 8/3/16

Hon. George H. King
United States District Judge